UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RAYMOND BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-2232-JBM-DGB |
| | ) |
| | ) |
| JEROME COMBS DETENTION CENTER, | ) |
| JEFFREY LONG, and LT. SMITH, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**JOE BILLY MCDADE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Raymond Brown's claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions).  Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Brown has filed the instant case, pursuant to 42 U.S.C. § 1983, complaining of the conditions of his confinement.  Specifically, Brown complains about his assignment to the top bunk at Defendant Jerome Combs Detention Center in light of the fact that the Detention Center, Defendant Dr. Jeffrey Long, and Defendant Lt. Smith knew of his history of seizures.  In addition, Brown complains that Defendants violated his constitutional rights in that there was no ladder or other means by which to safely climb to the top bunk.  Indeed, Brown contends that Lt. Smith removed the chair and other objects that he used to ascend to the top bunk.  Brown claims that he fell and injured himself as a result of the conditions of his confinement.

"To prevail in this section 1983 action, [Brown] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [the defendant] intentionally deprived him of that right and (4) that [the defendant] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010).  Brown has failed to allege that he had

2

a constitutionally protected right that Defendants violated. Accordingly, Brown's Complaint is dismissed.

As for Defendant Jerome Combs Detention Center, buildings are not proper parties to a § 1983 suit. *Nawrocki v. Racine County Jail*, 2008 WL 4417314, * 1 (W.D. Wis. Mar. 7, 2008). Thus, Brown's Complaint fails to state a proper cause of action against this Defendant.

As for Defendants Dr. Long and Lt. Smith, Brown has failed to allege that they assigned him to or required him to use the top bunk. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Brown has not alleged that Dr. Long or Lt. Smith had any involvement in requiring him to use the top bunk or in the decision not to have a ladder in the cell. Accordingly, Brown's Complaint fails to state a cause of action against them.

Even assuming *arguendo* that his Complaint contained such an allegation, however, Brown's Complaint, nevertheless, fails to state a cause of action upon which relief can be granted because the conditions of his confinement at the Jerome Combs Detention Center do not rise to the level of a constitutional violation. The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, requires officials to maintain "humane conditions of confinement," including adequate food, clothing, shelter, and medical care. *Farmer v. Brennan,* 114 S. Ct. 1970, 1976 (1994). Conditions of confinement implicate the Eighth Amendment, however, only when they exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). "A plaintiff claiming a violation of the Eighth Amendment must satisfy both an objective test (whether the conditions

can be considered cruel and unusual) and a subjective test (whether the defendants acted with a culpable state of mind)." *Smith v. Melvin*, 1996 WL 467658, * 1-2 (7th Cir. Dec. 14, 1996).

The failure to provide a ladder by which Brown could ascend to the top bunk does not implicate his Eighth Amendment rights. *Jones v. Louisiana Dep't of Pub. Safety and Corrections*, 2009 WL 1310940, * 2 (W.D. La. May 11, 2009)("Plaintiff's allegation that the defendants are responsible for his fall because the top bunks in the Cypress Unit are not equipped with ladders is an allegation of tortious conduct, which cannot serve as the basis for a § 1983 claim.")(citing cases). In other words, "[t]he Constitution does not require the jail to ensure the comfort of each prisoner, but only to provide such necessities as food, medical care, sanitation, and a safe environment." *Smith v. DeBruyn*, 1996 WL 407258, * 4 (7th Cir. July 18, 1996)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). As the Seventh Circuit found in *Smith*, this Court finds that the conditions at the Jerome Combs Detention Center (as described by Brown) do not rise to the level of a constitutional violation. *Id*. "The state's interest in limiting the cost of detention often will justify the state's decision to provide inmates with the minimally required food, living space, and medical care." *Id*. "Inmates cannot expect the amenities, conveniences and services of a good hotel . . . ." *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988).

**IT IS, THEREFORE, ORDERED that:**

1.  Plaintiff Raymond Brown's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2.  This dismissal shall count as one of Brown's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

3. If Brown wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Brown does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4. **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. All pending motions are DENIED as moot.**

Entered this 20th day of December 2013.

　　　　　　　　　　　　　　　　　　　　／s Joe Billy McDade
　　　　　　　　　　　　　　　　　　　　JOE BILLY MCDADE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE